IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GOODE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 21-CV-1592 |
| | : |
| KYLE A. RUSSELL, *et al.*,<br>    Defendants. | :<br>: |

**MEMORANDUM OPINION**

Plaintiff James Goode, a person[1] currently being held in the Lehigh County Jail, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations related to a search of his prison cell, the taking of personal and legal papers, and the filing of a fraudulent misconduct report. Goode names as Defendants: (1) Kyle Russell, Warden of Lehigh County Jail, (2) Deputy Warden McFadden, (3) Sgt. Colwol[2] and (4) Officer Garrah. Goode seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. For the following reasons, Goode's motion for leave to proceed *in forma pauperis* will be granted while his Complaint shall be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.    FACTUAL ALLEGATIONS**[3]

Goode alleges that on March 11, 2021 at approximately 2:15 p.m., Defendants Colwol

---

[1] It is unclear from his pleading and a search of public records whether Goode is a pretrial detainee or a convicted prisoner. For purposes of screening his Complaint, his pleadings shall be liberally construed and he will be considered a pretrial detainee since that status may afford him greater constitutional protections.

[2] Defendant Colwol's name is not spelled consistently in the Complaint. The Court will use the spelling contained in the caption of the Complaint.

[3] The allegations are taken from Complaint.

1

and Garrah searched his cell without explanation or basis. Following this search, Colwol and Garrah allegedly took Goode's personal mail and legal documents. The mail and legal papers were returned later that night by a non-defendant named Officer Sanchez. Goode alleges that confiscating his legal papers impeded his access to the courts. Garrah and Colwol later submitted a misconduct report against Goode. Goode alleges this report was fraudulent and drafted to "cover up [their] criminal behaviors" and justify the improper search.

Goode asserts that Sergeant Colwol and Officer Garrah work under Deputy Warden McFadden and Warden Russell. He alleges that McFadden and Russell "should have known" that the taking of his legal papers deprived him of his constitutional rights. He further alleges, without providing any factual support for the allegation, that Russell "acted in concert and condoned the [Sergeant and] Officer's behavior."

Goode argues that these events violated his right to possess his own legal work and constituted a violation of his right of access to the courts. He seeks compensation for out of pocket expenses and mental suffering, nominal and punitive damages, or an injunction to "prevent… future retaliation."[4]

## II.     STANDARD OF REVIEW

Goode's motion for leave to proceed *in forma pauperis* shall be granted because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires dismissal of the Complaint if it fails to state a claim and is governed by the same standard applicable to motions to dismiss under Federal Rule

---

[4] Other than this reference to "retaliation" in the context of the relief he seeks in this case, Goode does not assert a claim for retaliation or assert facts to plausibly allege such a claim.

[5] However, as Goode is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), to wit whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Goode is proceeding *pro se*, his allegations are construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III. DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Goode has failed to state a claim.

**A. Cell Search and Non-legal Property Seizure Claims**

The Court understands Goode's allegations about the search of his cell and the seizure of his personal papers as an attempt to state an unlawful search and seizure claim. Goode alleges that the search of his cell occurred without an explanation or reason.

Goode has not stated a plausible claim under the Fourth Amendment, applicable here by way of the Fourteenth Amendment because "prisoners have no legitimate expectation of privacy . . . and the Fourth Amendment's prohibition on unreasonable searches [and seizures] does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *see Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The defendants correctly assert that prisoners do not have a Fourth Amendment right to privacy in their cells." (citing *Hudson*, 568 U.S. at 529)). Accordingly, Goode's Fourth Amendment claim will be dismissed with prejudice for failure to state a claim.

Goode also cannot state a constitutional claim based on the loss of his non-legal property since he has a meaningful postdeprivation remedy for the loss. *See Spencer v. Bush*, 543 F.

App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)). Because Goode may bring such a claim in a state court to recover the value of his allegedly lost property under a theory of conversion or theft, his constitutional claim based on the loss of non-legal property is not plausible and will also be dismissed with prejudice.

### B.  Access to Courts

Goode next argues that the taking of his legal papers deprived him of his right of access to the courts and violated his rights under the Due Process Clause and the First, Eighth and Fourteenth Amendments.[6] "The Constitution guarantees prisoners a 'right of access to the courts.'" *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis*, 518 U.S. at 350). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action . . . is an element that must be described in the complaint." *Id*.

Goode alleges that his legal materials were taken at approximately 2:15 in the afternoon on March 11, 2021. He further alleges that the materials were returned by Officer Sanchez later that same night. Goode states generally that these legal materials were related to his criminal

---

[6] Goode's references to these constitutional provisions appear to part of a single access to the courts claim, rather than distinct claims for relief.

case, but he does not specify any claim that was lost because of the absence of these materials for this brief period of time. The only reference to an injury arising from the temporary confiscation of his legal papers is that it "would hinder or delay the relief which [he is] entitled to and/or seeking." This allegation is insufficient to state a plausible claim. Without an explanation about how the brief denial of access to his legal materials caused him to lose an arguable non-frivolous legal claim, Goode has not stated a plausible claim for denial of access to the courts. Considering the brevity of the deprivation, amendment of this claim would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."). Accordingly, the access to courts claim will be dismissed with prejudice.

### C. False Misconduct Report

Goode next argues that Defendants Garrah and Colwol filed a fraudulent misconduct report against him: specifically, that they "concocted a frivolous letter that supposedly had gang symbols" and filed a false disciplinary report in an attempt to justify the cell search and confiscation of his property. These allegations are best construed as a due process claim.

"[T]he filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process." *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (per curiam). To state a plausible claim, Goode must allege that he has been deprived of a liberty interest. *Griffin v. Vaughn*, 112 F.3d 703, 705 (3d Cir. 1997). An allegation of a deprivation of a liberty interest constitutes a showing of an "'atypical' deprivation of prison life." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002). Further, "[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false

misconduct reports." *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (per curiam); *see also Smith*, 293 F.3d at 654 ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim."). Thus, to state a plausible claim based on the filing of the allegedly false misconduct report, Goode must allege that he was denied an "opportunity to confront and challenge the allegedly perjured testimony offered in support of the misconduct reports." *Smith*, 293 F.3d at 654.

The Due Process Clause also bars "punishment" by prison officials of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 538 (2005). Goode has failed to state a plausible due process/punishment claim based on the allegedly fabricated report. "[D]etention officials' restrictions on pretrial detainees will constitute punishment prohibited by the Due Process Clause when: (1) 'there is a showing of express intent to punish on the part of [those] [ ] officials'; (2) 'the restriction or condition is not rationally related to a legitimate non-punitive government purpose,' i.e., 'if it is arbitrary or purposeless'; or (3) 'the restriction is excessive in light of that purpose.'" *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017) (quoting *Stevenson v. Carroll*, 495 F.3d 62, 67-68 (3d Cir. 2007)) (alterations in original). "[M]aintaining internal security and order in jails and prisons are 'legitimate governmental objectives' and [] courts must give prison officials considerable discretion to manage internal security in their institutions." *Id.* "[A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." *Stevenson*, 495 F.3d at 68 (quoting *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999)).

Goode's bare allegation that a false misconduct report was submitted, without further explanation, is insufficient to state a plausible due process violation. Accordingly, the false misconduct report claim will be dismissed. However, because the Court cannot conclude from the information before it that Goode can never state a plausible due process claim based on the allegedly fabricated report, he will be permitted to file an amended complaint if he is able to cure the defect in his due process claim.

### D. Claims Against Supervisors

Goode's claims against Defendants McFadden and Russell are implausible because they appear to be based solely on their roles as supervisory officials at Lehigh County Jail. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

The basis for Goode's allegations against Defendants Russell and McFadden are that Office Garrah and Sergeant Colwol work "under both the Warden and Deputy Warden" and the Deputy Warden "is responsible for treatment and security at the institution." Goode avers that both Russell and McFadden "should have known that depriving [Goode] of [his] legal work

would constitute a violation of [his rights]." [7] Finally, he states in conclusory fashion that Defendant Russell "acted in concert and condoned the [Sergeant] and Officer's behavior." This is not sufficient to state a plausible claim. There is no allegation that either Defendant maintained with deliberate indifference a policy, practice or custom which directly caused constitutional harm, or was personally involved or acquiesced in creation of the false misconduct report or any punishment that resulted therefrom.[8]

Goode's bare allegations, without further explanation, are insufficient to plausibly allege that there was a specific policy or custom regarding false misconduct reports. Accordingly, the supervisor liability claim will be dismissed. However, because the Court cannot state at this time that Goode can never state a plausible claim against Defendants Russell or McFadden based on supervisor liability relating to the false misconduct report, he will be permitted to file an amended complaint if he is able to cure the defect the Court has identified in his claim.

## IV.  CONCLUSION

For the foregoing reasons, Goode's Complaint shall be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The access to courts claims, cell search and

---

[7] To the extent that Goode's claim alleges that Defendants Russell or McFadden have supervisory liability as it relates to the search of his cell or the confiscation of his papers, the claim shall be dismissed. Amendment to his supervisory liability claim as it relates to these allegations would be futile for the same reasons his underlying claims have been dismissed.

[8] To the extent that Goode is attempting to allege that these Defendants are liable due to their failure to train Sergeant Colwol and Officer Garrah, that claim is also implausible. A supervisor may be held liable where a need for "more or different training . . . is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train . . . can fairly be said to represent official policy," and that failure to train "actually causes injury." *City of Canton v. Ohio*, 489 U.S. 378, 390 (1989). A claim for supervisory liability or liability based upon a failure to train involves four elements: (1) that an existing policy created an unreasonable risk of constitutional injury; (2) the supervisor was aware of this unreasonable risk; (3) the supervisor was indifferent to the risk; and (4) the injury resulted from the policy or practice. *See Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). Goode has presented only conclusory allegations regarding the knowledge of Warden and Deputy Warden and no allegations about the policies in the Lehigh County Jail. Accordingly, any allegations about the failure to train are implausible and shall be dismissed.

property seizure claims are dismissed with prejudice since any amendment would prove futile. *See Grayson*, 293 F.3d at 108.  The claim involving a false misconduct report and the supervisor liability claims associated therewith shall be dismissed without prejudice and Goode will be permitted to file an amended complaint in the event he can cure the defects the Court has identified in those claims.

      An appropriate order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**