IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GOODE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 21-CV-1592 |
| | : |
| KYLE A. RUSSELL, *et al.*,<br>    Defendants. | :<br>: |

**MEMORANDUM OPINION**

*Pro se* Plaintiff James Goode is a pretrial detainee currently being held in the Lehigh County Jail. Goode previously filed a Complaint against various correctional officers for allegedly filing a false misconduct report against him. The Complaint was dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Goode v. Russell*, 2021 WL 3708717 (E.D. Pa. Aug. 20, 2021).[1] However, one of Goode's claims was dismissed without prejudice, and Goode was granted leave to file an amended complaint. Goode has now returned with his Amended Complaint in which he asserts another due process claim pursuant to 42 U.S.C. § 1983 based on the same misconduct report. For the reasons that follow, the Amended Complaint will be dismissed with prejudice.

Goode's initial Complaint named the following Defendants in their individual and official capacities: (1) Kyle Russell, Warden of Lehigh County Jail, (2) Deputy Warden McFadden, (3) Sergeant Colwol[2] and, (4) Officer Garrah. Goode's Complaint was dismissed because he failed to set forth plausible claims against any of the Defendants, pursuant to 28

---

[1] Goode's motion to proceed *in forma pauperis* was granted in the same opinion.

[2] Defendant Colwol's name was spelled inconsistently in the original Complaint and a new spelling is used in the caption of the Amended Complaint. The Court will use the spelling that it used in its prior opinion.

U.S.C. § 1915(e)(2)(B)(ii).  First, Goode did not state a plausible claim under the Fourth Amendment for the seizure of his personal and legal papers, because prisoners do not have a legitimate expectation of privacy.  *Goode,* 2021 WL 3708717 at *2.  Second, Goode did not state a plausible access-to-the-courts claim[3] because he failed to allege that he suffered any actual loss from the alleged wrongdoing of the officers.  *Id.*.  Finally, Goode did not state a plausible due process claim relating to his allegations that a false misconduct report had been filed against him, because he failed to allege a punishment that was imposed on him as a result of the report.  *Id.* at *3.  Goode was given leave to file an Amended Complaint so that he could cure the defects in this last claim.  *Id.* at *3-4.

Goode's Amended Complaint names Sergeant Colwol as the sole Defendant.[4]  As with his initial Complaint, Goode alleges that on March 11, 2021, Defendant Colwol violated his constitutional rights when he "concocted a frivolous grievance report . . . claiming [he] confiscated [a] letter [that] had gang symbols."  Goode states that Defendant Colwol's statements were untrue and that this was confirmed by Lieutenant Albert when he adjudicated the misconduct charge.  Finally, Goode notes that Defendant Colwol failed to present the confiscated letter at the hearing, all of which violated his due process rights.  Goode alleges that Colwol's actions were deliberate, mentally and emotionally abusive, and "put [him] in jeopardy of going

---

[3] Goode alleged a single claim regarding the deprivation of his right to access the courts, under the Due Process Clause as well as the First, Eighth, and Fourteenth Amendments.

[4] On the form Goode used to file his Amended Complaint, he indicated that he is bringing his claim against Colwol in his official capacity by checking the box to so indicate.  Official-capacity suits, however, "generally represent only another way of pleading an action against an entity of which an officer is an agent," meaning that the claim here would actually be against Lehigh County rather than Officer Colwol.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Goode likely did not understand the significance of checking the official capacity box.  Given the liberal pleading standard applicable to Goode's *pro se* filing, and the fact that Goode has not asserted a viable claim based on municipal liability, the Court construes the Amended Complaint as presenting a claim against Colwol in his individual capacity.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally.  This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt.  And we 'apply the relevant legal principle even when the complaint has failed to name it.'") (internal citations and quotations omitted).

to confinement." He seeks $350 in damages.

Because the Court granted Goode leave to proceed *in forma pauperis,* 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] [amended] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Goode is proceeding *pro se*, the Court construes his allegations liberally. *Vogt*, 8 F.4th at 185 (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants.'" *Id*. (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id*. However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id*. (quoting *Mala*, 704 F. 3d at 245).

When Goode's original Complaint was dismissed, he was instructed that "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process." *Goode,* 2021 WL 3708717, at *3 (quoting *Seville v. Martinez*, 130 F. App'x 549, 551

3

(3d Cir. 2005) (per curiam)).  Rather, "the proper inquiry is whether [the conditions or restrictions of pretrial detention] amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  But "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.* at 537.

Goode was further instructed that "[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports." *Goode,* 2021 WL 3708717, at *3 (quoting *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (*per curiam*).  "Generally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'"  *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting *Rapier v. Harris*, 172 F.3d 999, 1003-06 (7th Cir. 1999)).  Goode's bare allegation that a false misconduct report was submitted, without further explanation, was found to be insufficient to state a plausible due process violation.  *Goode*, 2021 WL 3708717, at *3.

Goode was permitted to amend his due process claim so that he could cure the defects identified.  Despite these directions, the Amended Complaint again fails to provide a basis for a plausible claim.  Goode merely restates his allegation that Defendant Colwol submitted a false misconduct report against him.  He does not set forth any allegations relating to a punishment that resulted from that report.  Rather, the Amended Complaint suggests the contrary, since Goode alleges only that the report "put [him] in jeopardy of going to confinement" and caused him only emotional injury.  That is not enough to allege an unconstitutional punishment necessary to set forth a plausible due process claim.  *See Seville*, 130 F. App'x at 551(quoting *Paul v. Davis*, 414 U.S. 693, 701 (1976) ("[T]he proposition that reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property' by itself

4

sufficient to invoke the . . . Due Process Clause" is simply not sustainable")).[5]

Moreover, Goode acknowledges that Defendant Colwol's misconduct report was "found to be untrue when viewed by Lt. Albert." Since due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports, *Thomas*, 467 F. App'x at 97, and Goode clearly states that the misconduct report was determined to be unfounded, his due process claim is not plausible. Accordingly, Goode's Amended Complaint will be dismissed. As Goode has already been given an opportunity to cure the defects in his claims and failed to do so, further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). The dismissal will thus be with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").

An appropriate Order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**

---

[5] Additionally, the Prison Litigation Reform Act ("PLRA") requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury." *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003); 42 U.S.C. § 1997e(e) ("[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.") In order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a Section 1983 action must demonstrate a less than significant, but more than a de minimis physical injury. *See* 42 U.S.C. § 1997e(e); *see also Mitchell,* 318 F.3d at 535. As Goode alleges only an emotional injury arising from the allegedly false misconduct report, his claim is not plausible for this additional reason.